UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN S. JONES d/b/a Happy Valley Trucking, | ) ) ) ) | CASE NO. 5:21-cv-2366 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| GRANTS AUTOMOTIVE, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

On December 20, 2021, plaintiff Kevin S. Jones d/b/a Happy Valley Trucking ("Jones" or "plaintiff") filed this action against defendants Grants Automotive ("Grants") and David T. Hoffner ("Hoffner") (together, "defendants") on the basis of diversity jurisdiction. (*See* Doc. No. 1, Complaint.) The complaint seeks to hold the defendants responsible for negligence related to a vehicle accident allegedly caused by them that occurred on or about July 29, 2020 on eastbound Route I-80 in Mercer County, Pennsylvania. (*Id*. ¶¶ 1–2, 12.)

Jones alleges that there is personal jurisdiction over both defendants because they "caused tortious injury in this state to [p]laintiff by an act outside this state committed with the purpose of injuring [p]laintiff when they might reasonably have expected that some person would be injured thereby in this state and the exercise of jurisdiction over [d]efendants in reasonable." (*Id*. ¶ 5.)

Defendants disagree and, on March 14, 2022, filed a motion under Fed. R. Civ. P. 12(b)(2) and (3) to dismiss for lack of personal jurisdiction over either of them and for improper venue. (Doc. No. 5.) In the alternative, defendants seek transfer to the Western District of Pennsylvania

pursuant to 28 U.S.C. § 1404(a), which encompasses the location where the accident occurred. (*Id*. at 1.)

On March 22, 2022, the parties jointly filed a motion to change/transfer venue, noting that although there is a dispute between them as to the whether there is personal jurisdiction in this Court, they "agree that the Western District of Pennsylvania has jurisdiction in this matter and it is the best use of both the Court's resources and that of the [p]arties to transfer this matter to [that court] for resolution." (Doc. No. 6 at 1.)

Although defendants' motion seeks transfer under 28 U.S.C. § 1404(a) and the parties' joint motion cites no authority for transfer, the law in this circuit is that "[28 U.S.C.] § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought." *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Sixth Circuit has concluded that "a district is 'wrong' within the meaning of § 1406" when there is an obstacle to adjudication such as "either improper venue or lack of personal jurisdiction." *Martin*, 623 F.2d at 474; *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) ("[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not[]").

In this case, it appears that there would be no personal jurisdiction over the defendants, one of whom is "a business located in Maryland" (Doc. No. 1 ¶ 9), and the other a "citizen of Florida"

(*id*. ¶ 10). In addition, venue may be improper here because, although plaintiff is an Ohio citizen/business, the accident occurred in Mercer County, Pennsylvania, which is within the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c) (identifying counties within the Western District). Therefore, the Western District of Pennsylvania is a "district . . . in which [this action] could have been brought[]" under § 1406(a).

The parties, rather than continuing to adjudicate any question of personal jurisdiction, have jointly asked the Court to transfer the matter to the United States District Court for the Western District of Pennsylvania. This Court agrees that this is the best use of everyone's time and resources. Further, transfer "is generally considered to better satisfy the interest of justice than dismissal." *Jones v. RealPage, Inc.*, No. 1:19-cv-501, 2019 WL 4168877, at *3 (N.D. Ohio Sept. 3, 2019) (citing *Nation v. United States Gov't*, 512 F. Supp. 121, 126 (S.D. Ohio 1981) (favoring transfer over dismissal so as to "preserv[e] the action, particularly where it appears that venue would be proper [in the transferee district]")).

For the reasons stated herein, defendant's motion (Doc. No. 5) is granted in part, to the extent it seeks transfer of venue. The parties' joint motion to transfer (Doc. No. 6) is granted. The Clerk of Court is directed to transfer this matter forthwith to the United States District Court for the Western District of Pennsylvania.

**IT IS SO ORDERED**.

Dated: March 24, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**